# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON TWARDZIK,<br><br>    *Plaintiff*,<br><br>v.<br><br>OFFICER ELLIS DEVERO, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION<br>NO. 15-00015 |

## <u>MEMORANDUM</u>

**PAPPERT, J.**                                    June 15, 2015

  Plaintiff Jason Twardzik ("Twardzik") sued Officer Ellis Devero ("Devero"), Officer Brandon Jackson ("Jackson"), and Dr. Malorie L. Budman Traub ("Dr. Traub") (collectively "Defendants") for alleged constitutional violations he suffered while a pretrial detainee at Norristown State Hospital (the "Hospital"). Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' motion is granted in part and denied in part for the reasons that follow.

## I.

  Twardzik alleges that on January 11, 2013, he attempted to enter his room at the Hospital when Officers Devero and Jackson blocked his passage through the doorway. (Compl. ¶¶ 11-12.) Devero and Jackson then pushed Twardzik into the doorway, grabbed him, lifted him off the ground, and "body-slammed [Twardzik] onto the floor." (*Id*. ¶¶ 13-14.) As a result, Twardzik suffered injuries to his back, including aggravation of a prior back injury, "which Plaintiff has been advised may be permanent." (*Id*. ¶ 15.) Given this back injury, Twardzik was

temporarily unable to walk. (*Id.* ¶ 17.) That same day, he was medically examined by Dr. Traub, who determined that "Plaintiff was well enough to self-ambulate." (*Id.* ¶¶ 19-20.) Therefore, Twardzik "was not permitted to receive meals . . . in his room, but instead was told that if he wished to receive meals he needed to walk to the cafeteria on his own." (*Id.* ¶ 20.) Although Twardzik "strenuously and repeatedly objected," Dr. Traub refused to reevaluate his condition. (*Id.* ¶ 21.)

Given his alleged inability to walk to the cafeteria, Twardzik was unable to obtain food or water for approximately five days (from January 11, 2013 through January 16, 2013). (Compl. ¶ 22.) Despite Twardzik's multiple requests that Hospital employees bring him food or water, his requests were denied due to Dr. Traub's "improper order." (*Id.* ¶ 23.) Finally, on January 16, 2013, Dr. Traub "issued a revised order permitting Plaintiff to receive food and water in his room due to his injuries making him unable to walk." (*Id.* ¶ 24.) As a consequence of Dr. Traub's alleged "negligence," Twardzik claims he suffered "significant malnourishment." (*Id.* ¶ 25.)

Twardzik filed this lawsuit on January 5, 2015, alleging both civil rights claims under 42 U.S.C. § 1983 and state law claims against Defendants.[1] (ECF No. 1.) Specifically, Twardzik contends that Officers Devero and Jackson used excessive force against him when he attempted to enter his room, thus violating his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.[2] (Compl. ¶ 31.) Twardzik further alleges that Dr. Traub violated

---

[1] In his response to the motion to dismiss, Twardzik agrees to the dismissal of his state law claims against all Defendants as barred by sovereign immunity. (*See* Opp'n Mot. Dismiss 4-5, ECF No. 5.) The Court will therefore not consider Twardzik's state law claims (pled together in Count II of the complaint) any further. Count II against all Defendants is dismissed.

[2] Because Twardzik was a pretrial detainee at the time of the incidents at issue, (Compl. ¶ 10), the source of his right to be free from cruel and unusual punishment technically lies in the Fourteenth Amendment. *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010) (citing *Fuentes v. Wagner,* 206 F.3d 335, 344 (3d Cir. 2000)). Nevertheless, Twardzik's protections under the Fourteenth Amendment are equal to those under the Eighth Amendment, and the standards for his excessive force and inadequate medical care claims under the Fourteenth

his Eight and Fourteenth Amendment rights to adequate medical care when she diagnosed Twardzik as being able to self-ambulate, thus preventing Twardzik from having meals delivered to him in his room.³ (*Id*.)

Defendants filed a joint motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 4.) Defendants argue that Twardzik's claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the complaint was pled against Defendants in their official capacities, which is barred by the Eleventh Amendment. (Mot. Dismiss 1, 4-5.) Defendants further contend that the complaint should be dismissed pursuant to Rule 12(b)(6) because Twardzik fails to state claims upon which relief could be granted. (*Id*. 9-13.) Twardzik asserts that the doctrine of sovereign immunity does not apply because he pled claims against Defendants in their individual, not official, capacities. (Opp'n Mot. Dismiss 4, ECF No. 5.) Twardzik also maintains that the complaint pled sufficient facts to state claims of excessive force against Officers Devero and Jackson and of inadequate medical care against Dr. Traub. (Opp'n Mot. Dismiss 5-11.) The Court will consider each of these arguments in turn.

## II.

The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693 n.2 (3d Cir.1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984)). A party may

---

Amendment are the same as though brought under the Eighth Amendment. *Id*.; *see also Thrower v. Alvies*, 425 F. App'x 102, 104-05 (3d Cir. 2011) ("[C]ourts apply the Eighth Amendment standard to determine whether a pre-trial detainee's rights were violated.") (citing *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003)).

³    Twardzik brings both his federal claims—an excessive force claim against the officers and an inadequate medical care claim against Dr. Traub—under the same count (Count I) in the complaint.

properly raise Eleventh Amendment immunity in a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.*

The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Although 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'") (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989)). The Eleventh Amendment does not bar suits against state officials in their personal capacities. *Id.* at 23 (holding that "state officials sued in their individual capacities are 'persons' for purposes of § 1983.").

To determine whether a plaintiff sued a defendant in his personal capacity, official capacity, or both, the Court must look to the complaint and the course of proceedings. *Atwell v. Schweiker*, 274 F. App'x 116, 118 (3d Cir. 2007) (citing *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991)). Courts have found personal capacity claims where the plaintiff sued the official only and not the state. *Id*. (citing *Melo*, 912 F.2d at 636). Courts have also assumed the official was sued in his personal capacity where the plaintiff sought punitive damages, since punitive damages cannot be recovered in an official capacity suit. *Id*. (citing *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988)); *see also Strauss v. Cnty. of Berks*, No. 10-cv-3581, 2011 WL 2038546, at *3 (E.D. Pa. May 24, 2011). Conversely, allegations that an official policy or custom led to the plaintiff's injuries supports the conclusion that the plaintiff is bringing an official capacity claim. *Woodson v. Prime Care Med., Inc.*, No. 12-cv-04919, 2013 WL 247372, at *4 (E.D. Pa. Jan. 23, 2013).

Here, Twardzik has sued the officials only (Officers Devero and Jackson, and Dr. Traub), but neither the municipality of Norristown nor the Commonwealth of Pennsylvania. (Compl. ¶¶ 5-9.) Twardzik seeks punitive damages for his § 1983 claims, (*Id*. ¶ 31), and his complaint is devoid of any allegations regarding an official policy or custom. Twardzik also contends in his opposition brief that he is suing Defendants in their individual capacities only. (Opp'n Mot. Dismiss 4 ("Plaintiff makes no claim against Defendants in their official capacities.").) Accordingly, after a careful review of the complaint, the Court concludes that Twardzik brings this suit against the Defendants in their individual capacities. To the extent that the complaint could be construed as bringing official capacity claims against Defendants, such claims are barred by the Eleventh Amendment.

### III.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *i.e.*, sufficient facts to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (quotation and citation omitted).

The court must construe the complaint in the light most favorable to the plaintiff. *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010) (quoting *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009)). However, while all allegations contained in the complaint must be accepted as true, the court need not give credence to mere "legal

conclusions" couched as facts. *Iqbal,* 556 U.S. at 678. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian,* 503 U.S. 1, 8 (1992). When reviewing Eighth Amendment excessive force claims, the Court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. Whether the force applied was excessive requires the examination of several factors including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler,* 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers,* 475 U.S. 312, 321 (1986)).

Although the extent of an inmate's injuries is relevant to an Eighth Amendment analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he suffered through objective or independent evidence in order to state a claim for wanton and excessive force." *Id.* at 104. Thus, the inquiry must be driven by the extent of the force and the circumstances in which it is applied, not by the resulting injuries. *Id.* at 108; *see also Smith v. Mensinger,* 293 F.3d 641, 648 (3d Cir. 2002). The Eighth Amendment does not protect against a *de minimis* use of physical force, so long as it is not of a sort "repugnant to the conscience of

6

mankind." *Brooks,* 204 F.3d at 107 (quoting *Hudson,* 503 U.S. at 9-10). Courts have accordingly refrained from finding a constitutional violation in cases where the force used was "*de minimus* and objectively reasonable under the circumstances." *E.g., Harmon v. Divirgili*s, No. 04-cv-1813, 2005 WL 387591, at *2 (E.D. Pa. Feb. 16, 2005); *Smith v. Horn,* No. 00-cv-04023, 2004 WL 574131, at *2 (E.D. Pa. Mar. 22, 2004).

While the second *Whitley* factor directs the Court to consider the relationship between the need for and amount of force that was used, it appears that there was no need for Devero and Jackson to apply any force against Twardzik at all. There also is no reasonable perception of a threat to the safety of staff and inmates; indeed, two officers supervising one inmate simply attempting to enter his room suggests otherwise. And there are no described efforts made by Devero and Jackson to temper the severity of the force they used.

At this stage of the proceedings, Twardzik has sufficiently pled an excessive force claim against Devero and Jackson. Twardzik describes a situation in which he was trying to enter his room, doing nothing wrong, when Devero and Jackson assaulted him by pushing him into the doorway, lifting him off the ground, and then body-slamming him to the floor. (Compl. ¶¶ 13-14.) Accepting all of the allegations in the complaint as true, as the Court must, it is plausible that Devero and Jackson used this force against Twardzik maliciously to cause harm and that such force was not *de minimis*. *See Wolfe v. Beard*, No. 10-cv-2566, 2010 WL 5173199, at *8 (E.D. Pa. Dec. 9, 2010) (denying motion to dismiss plaintiff's excessive force claim, although recognizing it was "a close question," where plaintiff alleged an officer "ground her face into a metal window frame while conducting a body search" because the court could not "conclude at this stage that Mr. Zimmer applied *de minimis* force that was appropriate under the circumstances and not of a constitutional dimension."); *cf. Brooks v. Austin*, 720 F. Supp. 2d 715,

720 (E.D. Pa. 2010) ("Without facts that show a need for force, a legitimate governmental objective, or a 'good faith effort to maintain or restore discipline', Plaintiff's claim for excessive force must survive.").

While Defendants argue that the complaint provides little context "surrounding the use of force or possible motivation for the officers' use of force," (Reply Supp. Mot. Dismiss 5, ECF No. 6), Twardzik is not required to provide thorough and detailed allegations about the context in which the force was used to survive a motion to dismiss.[4] The cases Defendants cite in support of this proposition were decided at the summary judgment stage or later. (*See id*. 6 (citing *Hudson*, 503 U.S. at 6-7 (case disposed of by magistrate and judgment entered in favor of prisoner); *Whitley*, 475 U.S. at 322 (case reached trial and judge directed verdict in favor of officers); *McCullon v. Saylor*, No. 12-cv-445, 2013 WL 1192778, at *13 (M.D. Pa. Mar. 4, 2013) (decided at summary judgment stage); *Carson v. Mulvihill*, 488 F. App'x 554, 562 (3d Cir. 2012) (same); *Washam v. Klopotoski*, 403 F. App'x 636, 640 (3d Cir. 2010) (same).) But at the motion to dismiss stage, courts in this Circuit find that such detail is not necessary. *See, e.g., Angeline v. Cmty. Educ. Ctrs., Inc.*, No. 13-cv-3492, 2014 WL 519201, at *2 (E.D. Pa. Feb. 10, 2014) ("Moore contends Count I must be dismissed because Angeline has failed 'to state the duration and the extent of the alleged assault, his own actions, and whether he was compliant with the Defendant's request.' These facts are relevant to the ultimate decision of liability; however, at this stage of the proceedings, I find that Angeline has sufficiently pled a claim for excessive force.") (citation omitted); *accord Matthews v. Villella*, 381 F. App'x 137, 139 (3d Cir. 2010) ("We find that Matthews has stated a plausible claim for [excessive force] by alleging that

---

[4] Defendants cite to this Court's previous opinion in *Biddle v. Grandview Hosp.*, No. 14-cv-6614, 2015 WL 1293211, at *4 (E.D. Pa. Mar. 20, 2015) (Pappert, J.) in support of their argument, stating that *Biddle* established that "the absence of facts about the circumstances surrounding actionable conduct does not require a reasonable inference in plaintiff's favor." (Reply Supp. Mot. Dismiss 5, ECF No. 6.) *Biddle*, however, was an employment discrimination case, and is inapposite to the prisoner's rights claims at issue here.

Villella acted wantonly and maliciously by striking his handcuffed hands with a billy club, without any apparent provocation."); *Johnson v. Caputo*, No. 11-cv-2603, 2013 WL 2627064, at *10 (E.D. Pa. June 12, 2013) ("Plaintiff alleges that defendant Rosati entered plaintiff's cell, and for no reason, hit plaintiff in his injured foot with a billy-club. Construing the complaint liberally and drawing all reasonable inferences in favor of the plaintiff, plaintiff's excessive force claim must proceed.").

Defendants' argument that it is Twardzik's burden to establish the context of the force and subjective intent of the officers is premature. At the motion to dismiss stage, the Court must assume "that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555. Defendants' allegations against Devero and Jackson may be simple, but they are still sufficient to establish that Twardzik has a plausible claim that Devero and Jackson used force against him not "in a good-faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 7. Defendants' motion to dismiss Twardzik's excessive force claims is accordingly denied.

## V.

To state a claim for inadequate medical care in violation of the Eighth Amendment, a plaintiff must demonstrate deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). In *Farmer v. Brennan,* the Supreme Court clarified the state of mind required to show deliberate indifference by holding that:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.

511 U.S. 825, 837 (1994).

A prisoner's claims of negligent diagnosis or treatment do not rise to the level of deliberate indifference. *Estelle,* 429 U.S. at 105-06 (finding that "in the medical context . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991) ("allegations of 'inadvertent failure to provide adequate medical care' or of 'negligent . . . diagnosis' fail to establish the requisite culpable state of mind") (citations omitted); *Parham v. Johnson,* 126 F.3d 454, 458 n.7 (3d Cir. 1997) (recognizing "well-established law in this and virtually every circuit that actions characterizable as medical malpractice do not rise to the level of 'deliberate indifference'").

Further, a doctor's decision not to order specific forms of diagnostic treatment constitutes medical judgment, which is not actionable. *Estelle,* 429 U.S. at 107. The Third Circuit has stated that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cnty.,* 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quotation omitted). Moreover, a disagreement between the doctor and the plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference. *See Lindsay v. Dunleavy*, 177 F. Supp. 2d 398, 402 (E.D. Pa. 2001); *Douglas v. Hill,* No. 95-cv-6497, 1996 WL 716278, *7 (E.D. Pa. Dec. 6, 1996) (citing *Boring v. Kozakiewicz,* 833 F.2d 468, 473 (3d Cir. 1987)).

Even assuming that Twardzik's back injury constitutes a serious medical need, *see, e.g., Spruill v. Gillis*, 372 F.2d 218, 236 (3d Cir. 2004) (finding back pain requiring medication sufficiently serious), he still has failed to plead a claim for inadequate medical care. Twardzik does not contend that he was denied medical care—indeed, the complaint alleges that he was

10

examined by Dr. Traub the same day he sustained his back injury. (Compl. ¶ 19.) Rather, Twardzik's real grievance is with Dr. Traub's initial diagnosis that he was well enough to self-ambulate. Twardzik's disagreement with Dr. Traub's evaluation of his injury is insufficient to state a claim for inadequate medical care under the Eighth and Fourteenth Amendments. *See Coudriet v. Vardaro*, 545 F. App'x 99, 104 (3d Cir. 2013) ("Here, Coudriet's claims demonstrate that he received medical care, but that he disagreed with the treatment. This is insufficient for a deliberate indifference claim under the Eighth Amendment."); *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 846 (3d Cir. 2011) ("While Ruff faults P.A. Davis for failing to order a rib x-ray, there is no averment suggesting an x-ray was necessary, or that P.A. Davis's medical judgment was unreasonable. Although it is unfortunate that Ruff's fractured rib went undisclosed for two years, P.A. Davis's medical choice to not order an x-ray in March 2007, at most exhibits negligence, which is insufficient to state a cognizable Eighth Amendment claim.") (citations omitted); *Brinton v. Gaffney*, 554 F. Supp. 388, 389 (E.D. Pa. 1983) ("[W]here a plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim") (citations omitted).

In his opposition brief, Twardzik attempts to skirt this precedent by arguing that his claim does not arise from Dr. Traub's diagnosis, but from her "deliberate order to deprive Plaintiff of food and water." (Opp'n Mot. Dismiss 7.) This argument contradicts Twardzik's allegation in the complaint that Dr. Traub "ordered that Plaintiff was well enough to self-ambulate. Therefore, Plaintiff was not permitted to receive [meals] in his room, and instead was told that if he wished to receive meals he needed to walk to the cafeteria on his own." (Compl. ¶ 20.) This paragraph describing Dr. Traub's order is clearly referring to a diagnosis; Dr. Traub evaluated Twardzik's condition and, in her professional medical judgment, determined that Twardzik was

11

well enough to walk.  Because Twardzik was ineligible to have food and water delivered to his room as a result of that medical determination does not change the fact that a medical determination was made.  Such a determination may have been negligent, but negligent diagnoses do not rise to the level of deliberate indifference.  *Estelle,* 429 U.S. at 107.

On the other hand, later paragraphs of the complaint create ambiguity as to whether Twardzik is asserting that Dr. Traub's order actually included an explicit mandate that Twardzik was not allowed to have food and water brought to him in his room.  (*Compare* Compl. ¶ 23 ("Plaintiff repeatedly requested that multiple employees bring him food and water, but was continuously denied food and water due to [Dr. Traub's] improper order forbidding the Plaintiff from receiving meals in his room").)  Nevertheless, reading the complaint in the most favorable light and inferring that Dr. Traub's order included an express prohibition on food and water deliveries, Twardzik's claim for inadequate medical care still fails because Twardzik does not plead that Dr. Traub acted with the requisite mental intent.

As the Supreme Court established in *Farmer*, to sufficiently plead deliberate indifference, the complaint must allege that the official subjectively knew that the prisoner faced a substantial risk of serious harm.  511 U.S. at 837; *see also Wilson*, 501 U.S. at 297 (finding that allegations of inadvertent failure to provide adequate medical care or of a negligent diagnosis "fail to establish the requisite culpable state of mind.").  The complaint here does not contend that Dr. Traub recognized that Twardzik could not walk and then deliberately ordered that no employees deliver food or water to him in his room.  Rather, the complaint merely repeats that Dr. Traub issued an "improper" and "negligent" order, without any assertion of Dr. Traub's subjective mental state.  (*See* Compl. ¶¶ 20-25.)  Negligence on the part of a medical professional, however, does not rise to the level of deliberate indifference.  *Estelle,* 429 U.S. at 107.  Without an

12

allegation that Dr. Traub issued her order with the subjective knowledge that Twardzik could not actually walk on his own, and therefore would not be able to obtain food or water, Twardzik's claim for inadequate medical care must be dismissed. *See Lindsay*, 177 F. Supp. 2d at 402-03 ("Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has failed to plead any allegations from which deliberate indifference could be inferred. For example, Plaintiff has not pled that Amoh recognized Plaintiff's need for an x-ray and then refused to order it. Nor has Plaintiff made any other allegations which demonstrate, or from which it could be inferred, that Amoh possessed the requisite mental intent to sustain a deliberate indifference claim."); *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001) ("While Plaintiff may have disagreed with aspects of his medical care, he makes no allegation of intentionally injurious conduct or any sort of unconscionable acts."); *Muhammad v. Schwartz*, No. 96-cv-6027, 1997 WL 43015, at *5 (E.D. Pa. Jan. 27, 1997) ("'While Mr. Muhammad undoubtedly suffered a severe injury, he has not—and, it seems, can not—alleged that Drs. Schwartz and Roeder both were actually aware of the risks to his health caused by their actions, and that they recklessly disregarded those risks.").

The Court will dismiss Twardzik's inadequate medical care claim without prejudice, however, to allow Twardzik the opportunity to amend his allegations against Dr. Traub. In his amended complaint, Twardzik is specifically instructed to clarify the contents of Dr. Traub's allegedly offending order (including whether the order explicitly prohibited Hospital employees from bringing Twardzik food or water) and Dr. Traub's mental state when issuing the order(s).

## VI.

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Twardzik does not seek leave to amend. However, in a civil rights case, "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a

13

District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002)). An amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). Since the Court cannot conclude at this stage that amending the complaint would be either inequitable or futile, Twardzik may file an amended complaint no later than June 30, 2015.

An appropriate order follows.

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.